O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBEY KURT HAIRSTON, | NO. EDCV 14-00512-RGK (MAN) |
| Petitioner, | ORDER: DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

On February 26, 2014, Petitioner, a California prisoner, filed a 28 U.S.C. § 2254 habeas petition in the United States District Court for the Southern District of California. On March 3, 2014, the Southern District transferred that petition to this District, where it was assigned Case No. EDCV 14-00411-RGK (MAN) (the "Prior Case"). The Prior Case petition challenged Petitioner's October 25, 2013 conviction in Riverside County Superior Court Case No. INF132002 (the "2013 Conviction"). On March 18, 2014, the Prior Case was dismissed without prejudice, for lack of exhaustion.

On February 26, 2014 -- the same day that he filed the Prior Case petition in the Southern District -- Petitioner filed a 28 U.S.C. § 2254 habeas petition in the United States District Court for the Eastern District of California ("Petition"). On March 11, 2014, the Eastern District transferred the Petition to this District, and it was filed with the above-referenced case number.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition is unexhausted.[1]  Therefore, the Petition must be dismissed without prejudice.

## DISCUSSION

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) (emphasis added); *see also* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See* Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*). A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court. *See* Baldwin, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must

---

[1] The Court may raise exhaustion problems *sua sponte*. Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).

fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

The instant Petition challenges the 2013 Conviction at issue in the Prior Case petition and, further, raises versions of the same claims alleged in the unexhausted Prior Case petition. Petitioner again admits, under penalty of perjury, that he did not appeal the 2013 Conviction. (Petition at 2, 6.) The Court has reviewed the dockets for the California Supreme Court, which are available electronically,[2] and takes judicial notice of their contents pursuant to Rule 201 of the Federal Rules of Evidence. A search of those dockets shows that Petitioner has not filed *any* proceeding in the California Supreme Court since the latter part of 2010, when he filed 11 habeas petitions.[3] As those petitions were filed and denied approximately three years before Petitioner sustained the 2013 Conviction challenged by the instant Petition, they plainly did not exhaust the claims alleged in the Petition.

Accordingly, the Petition is unexhausted, because Petitioner did not present his claims to the California Supreme Court, and afford that court a chance to rule on them, before seeking federal habeas relief. Because the Petition is fully unexhausted, it must be dismissed without prejudice. Rose, 455 U.S. at 522, 102 S. Ct. at 1205.[4]

---

[2] *See* http://appellatecases.courtinfo.ca.gov.

[3] See California Supreme Court Case Nos. S186745, S186744, S186742, S186741, S185788, S185388, S185387, S185386 S185384, S185382, and S185379.

[4] Under prevailing law, a fully unexhausted federal habeas petition may not be stayed and must be dismissed. *See, e.g.,* Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).

For the foregoing reasons, it is plain from the face of the Petition that summary dismissal of the Petition is required.  Accordingly, IT IS ORDERED that:  the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED:  March 27, 2014

                                             R. GARY KLAUSNER
                                      UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE